UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANNY L. McNABB,**

    **Plaintiff,**

v.                                            **CASE NO.: 8:09-CV-2094-T-27EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide

---

[1] The district court has referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, generally a reversal with remand to the Commissioner for application of the correct legal standard is warranted. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Plaintiff's memorandum of law states three grounds for relief: (1) the ALJ did not properly consider Plaintiff's subjective complaints of pain and other symptoms; (2) the ALJ's residual functional capacity assessment ("RFC") is not supported by substantial evidence; and (3) the testimony of the vocational expert ("VE") does not support the ALJ's finding that Plaintiff is able to perform substantial gainful activity despite his impairments.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated unless necessary to address the issues presented.

**I**.

Plaintiff filed his applications for DIB and SSI on May 12, 2006, claiming an onset date of May 8, 2006. (T 9) Plaintiff claims disability due to headaches, arthritis of the cervical spine, depression, blindness in the right eye, and alcohol abuse. (T 11) Forty-nine years old at the time of the ALJ's decision, Plaintiff has a GED and past work history as a bartender, sales person, and truck driver. (T 18)

Plaintiff's applications were denied initially on November 9, 2006, and upon reconsideration

2

on March 21, 2007. (T 9) Plaintiff appealed the unfavorable decision, and a hearing was held before the ALJ on April 13, 2009. (Id.) The ALJ issued his decision on June 4, 2009, that Plaintiff was not disabled under the Social Security Act. (T 11-20) While finding that Plaintiff has severe impairments - headaches, arthritis in the cervical spine, depression, blindness in the right eye, and alcohol abuse - these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T 11-12) Although Plaintiff was unable to return to his former work, the ALJ found Plaintiff able to perform a limited range of light work (as discussed more fully in section II.B infra). (T 13, 18) Based on the hypothetical question posed by the ALJ, the VE testified that Plaintiff would be able to perform jobs such as a small parts assembler, bench assembler, and merchandise marker. (T 19, 26-27)

## II.

**A.**    Plaintiff contends that there is no substantial evidence to support the ALJ's credibility determination.[2] In particular, Plaintiff states that the ALJ erred in finding that Plaintiff's testimony was inconsistent with the medical evidence, as well as Plaintiff's statements to treating sources and the medical source opinions. But Plaintiff offers no specifics supporting this argument.

The Eleventh Circuit has established a three-part standard to use when evaluating a claimant's complaints of pain and other subjective symptoms. A plaintiff must show: (1) evidence of an underlying medical condition; and either (2) medical evidence which substantiates the severity of the pain from the condition; or (3) the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. See Landry v. Heckler, 782 F.2d 1551, 1553 (11th

---

[2] Plaintiff does not suggest that the ALJ applied the wrong standard in assessing Plaintiff's credibility.

Cir. 1986) (per curiam).

Where an ALJ declines to credit a claimant's testimony as to pain, the ALJ must articulate explicit and adequate reasons for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court. Id. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation omitted).

Applying this standard, the ALJ stated that Plaintiff had medically determinable impairments (presumably the severe impairments of headaches, arthritis in the cervical spine, depression, and blindness in the right eye, as well as alcohol abuse) which could impose slight limitations, but not to the degree alleged by Plaintiff. (T 16) The ALJ carefully articulated the evidence supporting this finding. (T 16-17) Among other evidence, the ALJ cited: (1) discrepancies between Plaintiff's testimony and the medical evidence concerning Plaintiff's ability to walk, stand, and sit; (2) inconsistencies between Plaintiff's reports to his physicians concerning his eye problems and the medical examinations; and (3) medical reports which contradicted Plaintiff's claim that his medications cause sleepiness. (Id.) The ALJ also noted that no examining or treating physician had placed restrictions on Plaintiff's ability to function, including prescribing any assistive devices for ambulation or balance, and that diagnostic tests had showed only mild arthritis in Plaintiff's neck. (T 17)

These reasons are more than substantial evidence to support the ALJ's credibility assessment. See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (per curiam). As such, this issue does not entitle Plaintiff to relief.

**B.** Plaintiff also asserts that the ALJ's residual functional assessment is wrong because it does not include limitations from Plaintiff's severe impairments of depression and right eye blindness. The ALJ determined that Plaintiff had the following RFC and asked the VE whether Plaintiff could perform substantial, gainful activity:

> If you assume 20 pounds occasional lift, 10 pounds frequently; he needs a sit/stand option at will so he can sit or stand if he needs to; occasional stoop, squat, kneel, crawl; occasionally climb ropes, ladders, scaffolds or ladders; and is limited to doing just simple work, which I define as one through four-step work.

(T 26) The VE responded that Plaintiff could do work as a small parts assembler, a bench assembler, and as a merchandise marker, all jobs which exist in significant numbers in the national economy. (T 26-27)

In determining residual functional capacity, the Commissioner is to include functional limitations which flow from severe impairments, not the impairments themselves. See Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1545(a)). While it is true that the ALJ found that Plaintiff's severe impairments included blindness in the right eye and depression (T 11), Plaintiff has not demonstrated that the ALJ overlooked limitations imposed by those impairments in formulating Plaintiff's RFC.[3]

The ALJ's decision observed that Plaintiff's corrected vision in his left eye, according to C. Nnadi, M.D. ("Dr. Nnadi") is 20/20.[4] (T 17, 224) Plaintiff injured his right eye in 2003 when

---

[3] While contending that limitations resulting from depression and right-eye blindness "are well documented in the medical records, as well as discussed in the decision" (Dkt. 16 at 5), Plaintiff fails to cite any medical record or portion of the decision supporting this statement.

[4] Dr. Nnadi performed a consultative examination for the Office of Disability Determination on October 14, 2006. (T 222-29) Despite Plaintiff's right-eye blindness, Dr. Nnadi did not impose any work-related restrictions, as the ALJ noted in his decision. (T 17)

he was hit by a glass bottle; he has been legally blind in that eye since that time. (T 222) Apparently, Plaintiff reported to Dr. Nnadi that he had trouble judging distances, and Plaintiff complained of headaches and bad vision in his left eye. (Id.) However, testing revealed 20/20 vision in the left eye. (T 224) The ALJ stated that Plaintiff's loss of vision in his right eye did not result in any apparent balance problem, and Plaintiff had consistent earnings (according to his earnings records), until he applied for disability. (T 17) As noted by the Commissioner in his memorandum of law, blindness in one eye does not equate to work-related limitations if a claimant's work history shows an ability to work despite that limitation. See Auer v. Sec'y of Health & Human Servs., 830 F.2d 594, 595-596 (6th Cir. 1987) (per curiam). As Plaintiff sustained the injury to his right eye in 2003, but did not allege a disability onset date until May 2006, the ALJ did not err in not specifically including any vision-related limitations in Plaintiff's RFC.

Regarding depression, the ALJ noted that Plaintiff had "one episode of depression in the 1990's which was caused by the loss of his mother" as well as a long history of alcohol abuse which was allegedly partially in remission. (T 18) Plaintiff was assigned a mild restriction with activities of daily living, mild difficulties with social functioning, and moderate difficulties with concentration, persistence, or pace. (T 12) The ALJ reasoned that Plaintiff "may have difficulty with his concentration" when regularly drinking alcohol and may have experienced concentration difficulties following the loss of vision in his left eye until treated by medication and therapy. (Id.)

Before finding a claimant capable of working despite a moderate limitation in maintaining concentration, persistence, and pace, an ALJ must: 1) indicate that medical evidence suggests the claimant can work despite the limitation; or 2) explicitly or implicitly account for the limitation in a VE hypothetical. Winschel v. Comm'r of Soc. Sec., ___ F.3d ___, 2011 WL 198372, at *3-4 (11th

Cir. Jan. 24, 2011).[5]  A mere restriction to simple, routine tasks or unskilled work does not itself satisfy this obligation. Id.

The ALJ indicated that medical evidence suggested Plaintiff could do one-to-four-step work despite his moderate difficulties with concentration, persistence, or pace.[6]  (T 17) Substantial evidence supports this conclusion. (T 14-17) Moreover, Plaintiff has not challenged the ALJ's finding that Plaintiff's VA records showed that he responded well to treatment for his depression. (T 17) Although the ALJ specified depression as one of Plaintiff's severe impairments, Plaintiff's conclusory two-paragraph argument on this issue (Dkt. 16 at 7) does not demonstrate that the ALJ's RFC assessment omitted limitations imposed by Plaintiff's depression.

C.  In addition, Plaintiff contends the ALJ's hypothetical question to the VE was incomplete because it did not include the restriction that Plaintiff slept five hours a day, according to his testimony.[7] (T 25-26) When Plaintiff's representative asked the VE to assume that restriction, due to the side effects of medication, the VE stated that Plaintiff could not perform any jobs. (T 27-28)

As the ALJ did not credit Plaintiff's testimony that he "naps four hours a day" due to

---

[5] The court recognizes that the Winschel opinion issued after the parties filed their briefs, however, it is a published opinion and therefore controlling law in the Eleventh Circuit.

[6] Specifically, the ALJ found that: "Neither Dr. Pasman nor Dr. Nnadi placed any restrictions on the claimant's ability to function on a daily basis;" "[t]he evidence of record does not show that any physician precluded the claimant from work activity;" "[m]edical records show that the claimant's treating physicians have not placed any restrictions on the claimant's ability to function;" and "[t]he evidence of record does not support a finding that claimant has any significant factors that would limit his ability to engage in substantial gainful activity." (T 17-18)

[7] Plaintiff also contends that the hypothetical "completely omitted" limitations arising from depression and right-eye blindness (Dkt. 16 at 7). The hypothetical, however, restated Plaintiff's RFC (T 26), which accounted for any limitations resulting from depression and right-eye blindness. See supra at II.B.

medication side effects (T 17),[8] the ALJ correctly omitted any such restrictions from the hypothetical question to the vocational expert.

As for headaches, although the ALJ found headaches to be one of Plaintiff's severe impairments, the ALJ did not expressly refer to headaches in the hypothetical question to the VE. Plaintiff's argument on this issue is conclusory; he fails to identify what additional functional limitations imposed by headaches should have been included in the hypothetical question. It is the functional limitations from impairments - not the impairments themselves - which are determinative of residual functional capacity and the ability to perform substantial, gainful activity.

While testifying that he has a history of headaches (T 25), Plaintiff did not identify any work-related limitations due to headaches. To the extent that Plaintiff takes medications to control his headaches (and the medications cause drowsiness), the ALJ properly rejected Plaintiff's testimony that the medication causes him to sleep during the day.

There is substantial evidence supporting the ALJ's decision that Plaintiff is able to perform substantial, gainful activity despite his impairments. The hypothetical question to the VE was not incomplete, but fully described the work-related limitations supported by the evidence. This issue does not entitle Plaintiff to relief.

## Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The

---

[8] The ALJ referred to medical records indicating that, after Plaintiff complained to his VA physician in March 2009 of sleepiness due to medication, he reduced his dosage by one-half and was doing well. (T 17) Plaintiff does not challenge this finding as unsupported by the record, but merely insists that the ALJ should have credited his testimony. It is the job of the Commissioner, not the reviewing court, to weigh conflicts in the evidence, however. The ALJ's finding on this issue will not be disturbed.

decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) the decision of the Commissioner be **AFFIRMED** and this case dismissed, with each party to bear its own costs and expenses; and

(2) the Clerk of the Court enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g) and close this case.

**Date: February 1, 2011**

*[signature]*
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

9